SARAH L. PARKER *vs.* COMMISSIONER OF CORPORATIONS
& TAXATION.

LEON F. FOSS & others, executors, *vs.* SAME.

Middlesex.   November 18, 1926. — February 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Tax,* On income.

If a Massachusetts stockholder in a corporation receives a stock dividend
and afterwards sells the stock so received, G. L. c. 62, §§ 5 (c), 7, re-
quire him to pay an income tax only on the excess of the selling price
over the value of the stock when he received it, and not on the entire
selling price; and therefore, if the selling price is the same as the value
of the stock at the time he received it, he need pay no income tax with
respect to it.

TWO COMPLAINTS, filed in the Superior Court on December 18, 1925, under G. L. c. 62, § 47, for the abatement of income taxes.

The respondent demurred. The demurrers were heard by *Lawton, J.*, who ordered them overruled and reported the cases to this court for determination.

*C. F. Lovejoy*, Assistant Attorney General, for the respondent.

*H. H. Gilman*, for the complainants.

PIERCE, J. These are two complaints, brought, respectively, by Sarah L. Parker, and by the executors of the will of Edward L. Parker (the testator is referred to herein as a complainant) under G. L. c. 62, § 47, for the abatement of income taxes. The respondent demurred to each complaint, the demurrers were overruled and the cases reported to this court with the stipulation which follows: "It is agreed that if the demurrer was rightly overruled, the complainant is entitled to an abatement in the full amounts prayed for with interest from the date of payment and costs. If the demurrer should have been sustained, judgment is to be entered for the defendant with costs."

G. L. c. 62, § 1, reads: "Income of the classes described in subsections (a), (b), (c) and (e) received by any inhabitant of the Commonwealth during the preceding calendar year, shall be taxed at the rate of six per cent per annum." Subsection (b) reads: "Dividends, other than stock dividends paid in new stock of the company issuing the same, on shares in all corporations and joint stock companies organized under the laws of any State or nation other than this Commonwealth . . . ."

G. L. c. 62, § 5, reads: "Income of the following classes received by any inhabitant of the Commonwealth during the preceding calendar year shall be taxed as follows: (a) Income from an annuity shall be taxed at the rate of one and one half per cent per annum . . . (b) The excess over two thousand dollars of the income, as defined in section six, derived from professions, employments, trade or business shall be taxed at the rate of one and one half per cent per annum . . . (c) [as amended by St. 1921, c. 376] The excess of the gains over the losses received by the taxpayer

from purchases or sales of intangible personal property, whether or not said taxpayer is engaged in the business of dealing in such property, shall be taxed at the rate of three per cent per annum. Any trustee or other fiduciary may charge any taxes paid under this paragraph against principal in any accounting which he makes as such trustee."

G. L. c. 62, § 7, reads in part as follows: "In determining gains or losses realized from sale of capital assets, the basis of determination, in case of property owned on January first, nineteen hundred and sixteen, shall be the value on that date, and in case of property acquired thereafter, the value on the date when it is acquired."

The complainants, in December, 1922, owned and held shares of the common stock of the Saco-Lowell Shops, a Massachusetts corporation. In December, 1922, the corporation declared a stock dividend of second preferred stock, payable at the ratio of one share of second preferred for every two shares of common stock outstanding. Each complainant received, on the above basis, shares of the second preferred stock of the par value of $100 per share as a stock dividend on his or her shares of common stock in December, 1922. In January, 1923, each complainant sold his or her preferred stock for a sum of money which was the value of the preferred stock on the date of its receipt by him or her. The Commonwealth taxed each complainant for the year 1923 on said sale as on a capital gain from the sale of intangible personal property during the year 1923; determined the gain in each case to be the sale price, less stamp taxes and commissions; and assessed a tax in each case of three per cent thereon, which amount was paid with interest, by each complainant, under protest.

The complainants contend that the amount received by each of them from the sale of the preferred stock was not taxable under G. L. c. 62, § 5 (c), unless this amount represented a gain in the year 1923; and, relying on the provision of G. L. c. 62, § 7, *supra,* further contend that the second preferred stock was a capital asset in December, 1922, with the same value when it was declared and received as it had on January 3, 1923, when the same shares were sold.

St. 1920, c. 352, now G. L. c. 62, § 1 (b), exempting inhabitants of this Commonwealth from taxation of income derived from dividends paid in shares of foreign corporations, removed a subject of taxation from a tax as income under St. 1916, c. 269, to a class of property taxable as intangible personal property under G. L. c. 62, § 5, and for the purpose of taxation placed dividends declared and received in stock of foreign corporations on the same footing as stock dividends in domestic corporations.

The question for decision is, How and when can it be determined for the purpose of taxation under G. L. c. 62, § 5, that a taxpayer has received gains over losses from a declaration of a stock dividend or from a receipt and acquisition of such dividend? It is evident a mere declaration of a dividend is not a gain, as that word is used in the statute; and equally plain that the gain cannot be ascertained until there shall be a sale of the acquired stock. *Bingham* v. *Commissioner of Corporations & Taxation,* 249 Mass. 79. The respondent contends that dividend stock, when acquired, comes to the stockholder as a gratuity, costs him nothing, and, therefore, what it fetches at a sale is gain, is a profit, and that such profit like any other is income and is taxable. *Eisner* v. *Macomber,* 252 U. S. 189, 212. The reasoning of the respondent is not consistent with the decisions of this court in *Tax Commissioner* v. *Putnam,* 227 Mass. 522, *Lanning* v. *Tax Commissioner,* 247 Mass. 496; nor with the decisions of *People* v. *Glynn,* 198 N. Y. 605, and *State* v. *Nygaard,* 174 Wis. 597, wherein stock dividends are held to be subject to taxation as income for the reason that the stock represented a new and substantial right which had a market value, was a new thing of value, transferable, transmissible and salable apart from the proportional interest which the original shares represented before the issue of the new ones. That stock received as a dividend may have a market value equally with original issues of stock would seem to be indisputable. The gain which comes to a holder of stock on sale of it is not necessarily the difference between money paid and cash received for it. The market value of the stock when received is presumptively the same whether

the holder acquires title to it through a purchase or a gift and the gain or loss on sale of it is determined commonly by the difference in its market value when received and the price obtained on its sale.

The dividend of stock was a distribution of capital assets and the basis of determination of its value was the date it was acquired. G. L. c. 62, § 7. It is alleged in each complaint and admitted by the demurrer that the value of the stock sold by the complainant was its value on the day it was received. It results that there was no gain to the complainants after the stock was acquired by them. It follows in accord with the terms of the stipulation, that the complainant in each petition is entitled to an abatement in the full amounts prayed for with interest from the date of payments and costs.

*So ordered.*