GEORGE W. ROBERTSON, executor, *vs.* STATE TAX COMMISSION. April 4, 1974. We reverse the decision of the Appellate Tax Board which affirmed a denial by the State Tax Commission of the taxpayer's application for abatement of an additional assessment of income tax of $3,654.73 for the year 1965. From the record, including a statement of agreed facts, the question emerges whether the taxpayer, in figuring the capital gain realized upon the redemption by an issuing railroad corporation of shares of preferred stock held by him, was entitled to deduct certain of his expenditures in connection with securing that redemption. The taxpayer, as executor of his father's estate, received a communication from an attorney in Chicago suggesting that the estate might be able to prove ownership of 909 shares of the stock which had been thought worthless but which through a change of conditions would now be of substantial value. Upon search, relevant documents were found in an obsolete file of the estate. The attorney for the executor thereupon joined with the Chicago attorney in combating the claims of the record holders of many of the shares, some of whom had already received payment on the basis of affidavits of loss of certificates; the attorneys also filed a series of claims against the railroad corporation and negotiated with its officials in respect to the redemption of shares claimed to be owned by the estate. There was an ultimate recovery of about $159,000. From the capital gain otherwise accruing to the taxpayer as a result of this recovery, he deducted in his return for 1965 the fees he had paid to the attorneys for their services together with incident expenses. In denying the application for abatement, the State Tax Commission went on the ground that "[t]here is no provision under Chapter 62 of the Massachusetts Tax Laws for the allowance of the expenses claimed as a deduction from the capital gain income realized by the estate." While the statute then applicable (G. L. c. 62, § 5 [c]; as amended through St. 1960, c. 554,

§ 1) spoke of "[t]he excess of the gains over the losses recognized by the taxpayer," and so forth, and did not provide in terms for deducting expenses from the gains, we believe it was inherent in the very word "gains" that expenses integral to and definitely identified with the realization of the particular gains should be deducted therefrom to ascertain the true gains. The expenditures at bar appear to have been of that character. It may be noted that stamp taxes and brokers' commissions paid on sales of securities have customarily been allowed as deductions from the particular capital gains realized from those sales. See *Parker* v. *Commissioner of Corps. & Taxn.* 258 Mass. 379, 381 (1927); Barrett and Bailey, Taxation (2d ed.) §§ 459, 461 (1970). Compare *Barnes* v. *State Tax Commn.* 363 Mass. 589, 591 (1973). See also *Woodward* v. *Commissioner of Int. Rev.* 397 U. S. 572 (1970); *United States* v. *Hilton Hotels Corp.* 397 U. S. 580 (1970); *Estate of Meade* v. *Commissioner of Int. Rev.* 489 F. 2d 161 (5th Cir. 1974). We intend no ruling as to expenses not so specifically related to the gains. As the present suit apparently sought an interpretation of the statute without attention to the detailed figures, it will be open to the parties upon reversal to agree upon or contest the precise calculations. (It may be noted that the relevant statutory provisions have been superseded through the revisions of G. L. c. 62 by legislation of 1971 and 1973, St. 1971, c. 555, and St. 1973, c. 723.)

*Decision reversed.*

The case was submitted on briefs.
*Paul B. Sargent* for the taxpayer.
*Robert H. Quinn,* Attorney General, *Walter H. Mayo, III, & Andrew M. Wolfe,* Assistant Attorneys General, for the State Tax Commission.