RICHARD WHEATLAND & others, trustees, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION
& another.

Suffolk.    January 8, 1975. — June 26, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Taxation,* Income tax.  *Statute,* Construction.  *Constitutional Law,*
    Taxation.

G. L. c. 62, §§ 1-8, as appearing in St. 1971, c. 555, § 5 and § 10,
    authorized the taxation of income received by trustees under a
    trust created by a resident of Massachusetts for the benefit of
    another resident thereof where the income was derived from rental
    property outside Massachusetts and the sale of gravel and standing
    timber located on real property outside Massachusetts.   [252]
Taxes imposed by G. L. c. 62, §§ 1-8, as appearing in St. 1971,
    c. 555, § 5 and § 10, on income received by trustees under a trust
    created by a resident of Massachusetts for the benefit of another
    resident thereof were authorized under art. 44 of the Amendments
    to the Massachusetts Constitution where the income was derived
    from rental property outside Massachusetts and the sale of gravel
    and standing timber located on real property outside Massachu-
    setts.   [252]
Ordinary and necessary business expenses and expenses for the pro-
    duction of income allowed by 26 U. S. C. §§ 162 and 212 (1970)
    are permissible deductions, under G. L. c. 62, § 2 (b), from
    income, taxable under c. 62, derived from rental property outside
    Massachusetts and the sale of gravel and standing timber located
    on real property outside Massachusetts [252]; the taxpayer is re-
    quired to itemize such expenses when requested by the Commis-
    sioner of Corporations and Taxation in order to establish the right
    to such deductions [252-253].

BILL IN EQUITY filed in the Supreme Judicial Court for
the county of Suffolk on July 18, 1972.

After transfer to the Superior Court, the suit was re-
served and reported by *Hallisey,* J., to the Appeals Court.

The Supreme Judicial Court granted a request for direct review.

*Frederick D. Herberich* (*Gail M. Harmon* with him) for the plaintiffs.

*Robert H. Quinn,* Attorney General, *Walter H. Mayo, III,* Assistant Attorney General, *& Joseph A. Grasso, Jr.,* Deputy Assistant Attorney General, for the Commissioner of Corporations and Taxation & another, submitted a brief.

REARDON, J.  The plaintiffs, one of whom is a Massachusetts resident, are trustees under a trust agreement established pursuant to Massachusetts law by David P. Wheatland, a Massachusetts resident, for the benefit of Barbara Wheatland, also a resident of Massachusetts. They brought this bill for declaratory relief against the Commissioner of Corporations and Taxation (Commissioner) and the State Tax Commission to challenge the application of the Massachusetts income tax to certain income derived from realty located in Maine.  On August 22, 1972, an order was entered in the Superior Court granting the plaintiffs' prayer for preliminary injunctive relief.  The case is here from the Superior Court on reservation and report, without decision, on the amended pleadings and a statement of agreed facts.

It appears that on their 1971 Massachusetts fiduciary income tax return the plaintiff trustees disclosed their receipt of certain income derived from land located in Maine, specifically $217.79 in rents, $27.64 from the sale of gravel, and $13,168.91 from the sale of standing timber.  The trustees paid no Massachusetts tax with respect to these items.  Subsequently the Commissioner assessed an additional tax on the basis of this income. The additional tax was computed without allowing any deductions for the expenses of care, management and maintenance of the timber property.  These expenses had been disclosed on the tax return in gross amount without detailed itemization.

Three questions are presented by this case: (1) whether G. L. c. 62, §§ 1-8, 10, as appearing in St. 1971, c. 555, §§ 5 and 6, authorize taxation of the trustees on income derived from realty located outside the Commonwealth;[1] (2) whether the Constitution of the Commonwealth empowers the Legislature to impose such a tax; and (3) whether, assuming the validity of the tax, certain deductions must be allowed for the care, management and maintenance of the property.

The first two issues may be disposed of simply by making reference to *Ingraham* v. *State Tax Commn., ante,* 242 (1975), also decided today. In that case, involving virtually identical facts, we held, first, that G. L. c. 62, §§ 1-8, as appearing in St. 1971, c. 555, § 5, authorizes the taxation of income derived from real property located outside Massachusetts, and, second, that the tax imposed by c. 62 is valid under art. 44 of the Constitution of the Commonwealth.

In this case a further argument is made that if the income from the sale of timber on property in Maine is subject to taxation then deductions must be allowed for the expenses of earning the income and maintaining the property. It appears that the Commissioner does not dispute this as a general proposition. Income "subject to taxation" under c. 62 is based on adjusted gross income as defined in § 2 (b) of c. 62, and consequently permits "the deductions allowed under section sixty-two . . . of the [Internal Revenue] Code." Among the deductions allowed by § 62 of the Code are ordinary and necessary business expenses (26 U. S. C. § 162 [1970]) and expenses for the production of income (26 U. S. C. § 212 [1970]).

---

[1] Under G. L. c. 62, § 10 (a), as amended by St. 1966, c. 698, § 16, the income received by the trustees of a trust such as the one here "shall be subject to the taxes imposed by this chapter to the extent that the persons to whom the same is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth." As stated above, the beneficiary of the trust was a Massachusetts resident in 1971.

See *Barnes* v. *State Tax Commn.* 363 Mass. 589, 591-593 (1973). Having said this much, we agree with the Commissioner that the question of which specific items of expense incurred by the plaintiffs qualify for the deductions is not now before the court. "As the present suit apparently sought an interpretation of the statute without attention to the detailed figures, it will be open to the parties . . . to agree upon or contest the precise calculations." *Robertson* v. *State Tax Commn.* 365 Mass. 630, 631 (1974). We also agree with the Commissioner's statement that it is up to the taxpayer to itemize these expenses when so requested in order to establish his right to the claimed deductions. See *Commissioner of Corps. & Taxn.* v. *Adams,* 316 Mass. 484, 487 (1944).

A declaration is to be entered in accordance with this decision.

*So ordered.*