FORTE INVESTMENT FUND vs. STATE TAX COMMISSION.

Suffolk. January 7, 1976. — March 1, 1976.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Taxation*, Income tax, Business trust. *Appellate Tax Board*, Appeal. *Words*, "Trade or business."

A trust with transferable shares, engaged in investing in stocks, bonds, and real estate for the benefit of its shareholders and subject to tax treatment as an individual not a corporation in determining the Internal Revenue Code deductions allowable to it under G. L. c. 62, was not engaged in a trade or business within the meaning of § 62 of the Internal Revenue Code and was not entitled to deduct its investment expenses in calculating its adjusted gross income. [787-790]

APPEAL from a decision of the Appellate Tax Board.

*Joseph C. Kennedy, Jr.*, for the taxpayer.

*Howard Whitehead*, Assistant Attorney General, for the State Tax Commission.

WILKINS, J.   The Forté Investment Fund (taxpayer), a Massachusetts trust with transferable shares, appeals from a decision of the Appellate Tax Board (board) which disallowed certain deductions claimed in the taxpayer's 1971 income tax return.   The taxpayer was engaged in investing in stocks, bonds, and real estate for the benefit of its shareholders.   The board found that the taxpayer was not "a. broker or trader for the public."   In its operations during 1971, it incurred expenses for officers' salaries, auditing and legal services, custodian and investment advisor fees and general expenses, and foreign taxes with respect to dividend income (hereinafter called collectively the investment expenses).   The Commissioner of Corporations and Taxation disallowed the investment expenses as a deduction on the taxpayer's 1971 return, and the board agreed.   We affirm that decision.[1]

The taxpayer, as a trust with transferable shares, was subject to the taxes imposed by G. L. c. 62 and was considered an individual, not a corporation, "[i]n determining the [Internal Revenue Code] deductions allowable" to it under G. L. c. 62.   G. L. c. 62, § 8 (a), as appearing in St. 1971, c. 555, § 5.   The taxpayer's income subject to taxation was its Federal gross income

---

[1] The taxpayer filed its notice of appeal within sixty days of the filing of the board's findings of fact and report but not within sixty days of the board's decision.   The Commission alludes to this fact in its brief and concurs with the taxpayer's treatment of the date of the filing of the board's findings and report as the date of "the entry of judgment" for the purposes of Massachusetts Rules of Appellate Procedure 4, 365 Mass. 846 (1974).   The Massachusetts Rules of Appellate Procedure are made applicable to appeals from the board by G. L. c. 58A, § 13, as appearing in St. 1973, c. 1114, § 5.   Where the Commonwealth or an officer or agency of the Commonwealth is a party, "the notice of appeal may be filed by any party within sixty days" of "entry of the judgment appealed from."   Mass. R. A. P. 4, supra.   We believe that Rule 4 as applied to appeals from the board should be read to equate the filing of the board's findings of fact and report to "the entry of judgment," when such findings and report are requested.   The board would be well advised if it adverted to this procedural circumstance in its rules.

(modified in certain respects not relevant here) "less the deductions allowed under [§ 62 and § 404] of the [Internal Revenue] Code" (and further modified by certain variations also not relevant here). G. L. c. 62, §§ 2, 3. Because § 404 of the Internal Revenue Code of 1954 (Code) (dealing with employer contributions to an employee pension fund) has no bearing in this case, the general question is whether the taxpayer's investment expenses are deductible in calculating its adjusted gross income under § 62 of the Code, treating the taxpayer as an individual and not as a corporation.

Section 62 of the Code refers to certain deductions from gross income, including the deduction allowed by § 162(a) of the Code for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Int. Rev. Code of 1954, §§ 62, 162(a). The board found that, "[i]nsofar as it is a question of fact," the taxpayer "was not actively engaged in a trade or business during the taxable year 1971." However, from the board's decision, we think it is clear that the board regarded the question, as we do, as one of law to be decided on undisputed facts. The issue becomes whether the taxpayer was engaged in a "trade or business" within the meaning of those words in §§ 62(1) and 162(a) of the Code when its sole activity was the investing of its assets on its own behalf.

We conclude that the taxpayer was not engaged in a "trade or business." Expenses incurred in managing one's investments are not expenses incurred in a "trade or business," as those words are used in the Code. This principle was established in *Higgins* v. *Commissioner,* 312 U.S. 212 (1941), and has been adhered to since. *Whipple* v. *Commissioner,* 373 U.S. 193, 200 (1963). *Wilson* v. *United States,* 376 F.2d 280, 293 (Ct. Cl. 1967). *Mirro-Dynamics Corp.* v. *United States,* 374 F.2d 14, 16 (9th Cir.), cert. denied, 389 U.S. 896 (1967). Although Congress has reversed the result of the *Higgins* case by the enactment of § 212 of the Code, it did so by

establishing a new and separate deduction and not by enlarging the definition of a "trade or business." *McDonald* v. *Commissioner,* 323 U.S. 57, 61 (1944). We express no opinion on the result in a situation where the taxpayer makes short term investments designed to profit from fluctuations in a securities or commodities market as opposed to making investments for the purpose of profiting from the success of the enterprises in which the taxpayer has invested. See *Whipple* v. *Commissioner,* 373 U.S. 193, 202 (1963). Cf. *Commissioner* v. *Nubar,* 185 F.2d 584, 588-589 (4th Cir. 1950), cert. denied, 341 U.S. 925 (1951).

We reject the taxpayer's argument that our opinions interpreting the words "income subject to taxation" under G. L. c. 62, § 3, indicate that all expenses incurred by an individual in producing income are deductible. In *Barnes* v. *State Tax Comm'n,* 363 Mass. 589 (1973), we said that a small loans business was entitled to deduct its expenses of operation. There we were considering the deductability of expenses incurred by a business trust in carrying on its business. In *Wheatland* v. *Commissioner of Corps. & Taxation,* 368 Mass. 250 (1975), we recognized that expenses incurred by an individual trust in earning income from and in maintaining timber producing property were allowable deductions. However, that view was based on the fact that these items of expense were deductible in calculating adjusted gross income under § 62 of the Code, and was not based on any independent judicial view of what deductions should be allowed.[2]

---

[2] In the *Wheatland* opinion (at 252-253) we referred to expenses for the production of income, deductible under § 212 of the Code, as an appropriate deduction for a personal trust. That statement is appropriate as to such expenses if they are "attributable to property held for the production of rents or royalties" (Int. Rev. Code of 1954, § 62[5]), and has no apparent application to the expenses of the taxpayer in this case.

The taxpayer concedes that by its terms G. L. c. 62, § 2 (b), does not grant an individual the deduction allowed under § 212(1) of the Code for "ordinary and necessary expenses paid . . . for the production or collection of income." That is so because, in the calculation of adjusted gross income, § 62(1) of the Code expressly excludes as a business deduction those expenses which are deductible by an individual under § 212 of the Code. We decline the taxpayer's invitation to import § 212 of the Code into the deductions allowable under G. L. c. 62, § 2 (b).

Accordingly, the decision of the Appellate Tax Board is affirmed.

*So ordered.*