COMMISSIONER OF REVENUE vs. RICHARD A. SHAFNER
& another[1]
(and a consolidated case[2]).

Suffolk. January 9, 1984. — June 20, 1984.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation*, Income tax. *Trust*, Business trust.

A liquidating distribution to the shareholders of a Massachusetts corporate
trust is a dividend which, to the extent it meets the requirements of
G. L. c. 62, § 8 (c), is excluded from the shareholders' taxable income
under G. L. c. 62, § 2 (a) (2) (D). [258-260]

APPEALS from decisions of the Appellate Tax Board.

*John P. Graceffa*, Assistant Attorney General, for the plaintiff.

*Robert J. McGee* for the defendants.

O'CONNOR, J. The Shafners (taxpayers) were shareholders
of a corporate business trust which adopted a plan of complete
liquidation, sold all its assets, paid taxes on gains realized
from those sales, and then distributed the remaining cash to
its shareholders. This case presents the question whether, in
those circumstances, the shareholders may be taxed on the
final distributions received from the liquidated business trust.
We hold that such distributions are excluded from taxable
income as exempt dividends under G. L. c. 62, § 2 (a) (2) (D).

The Lynn Realty Trust (trust) was a Massachusetts corporate
trust, as defined in G. L. c. 62, § 1 (j). The trust had been
engaged since its formation in 1910 in renting property it owned
in the city of Lynn. On September 22, 1979, the trustees
adopted a plan of complete liquidation pursuant to § 337 of
the Internal Revenue Code (Code) (I.R.C. § 337 [1976]). Under

---

[1] Linda F. Shafner.

[2] Commissioner of Revenue vs. Heather Shafner.

that section, a liquidating corporation meeting certain condi-
tions does not recognize, for Federal income tax purposes, the
gain realized on the sale or exchange of its property during
the liquidation process. In accordance with a liquidation plan
designed to meet these conditions, the trustees sold all of the
trust's assets to the city of Lynn in exchange for cash on
December 26, 1979. The trustees then made cash distributions
to the shareholders.

Richard A. Shafner and Linda F. Shafner received in 1979
a liquidating distribution of $121,784 in exchange for the 585.5
shares owned by them. After subtracting their cost basis in the
shares, they reported a capital gain of $119,442 on both their
Federal and Massachusetts income tax returns for 1979.
Heather Shafner received $7,280 in exchange for her thirty-five
shares. She reported a capital gain of $7,140 on her Federal
and Massachusetts income tax returns for 1979. The taxpayers
filed timely applications for abatement of that portion of their
Massachusetts income tax attributable to the capital gain they
realized on the liquidating distributions. The Department of
Revenue (department) denied their applications. The taxpayers
appealed to the Appellate Tax Board (board), see G. L. c. 62C,
§ 39, which granted the abatements, ruling "that the distribu-
tion to the [taxpayers] is not taxable since it had been previously
taxed to the trust." The Commissioner of Revenue (Commis-
sioner) then appealed to this court. We now affirm the decision
of the board.

For Federal income tax purposes, the gain realized by a
corporation[3] on the sale or exchange of its property within
twelve months of the adoption of a plan of complete liquidation
is not recognized to the corporation if all of the corporation's
assets are distributed in complete liquidation within that twelve-
month period. I.R.C. § 337(a) (1976). The trust complied with
the requirements of § 337 and did not recognize the gains from
the sales of its assets when computing its Federal income taxes.
Shareholders of the trust, however, such as the taxpayers here,

---

[3] The trust was a "corporation" for Federal income tax purposes. See
I.R.C. § 7701(a)(3) (1976).

were required to recognize the liquidating distributions "as in full payment in exchange for the stock." I.R.C. § 331(a) (1976). The taxpayers therefore paid a Federal tax on the capital gain they realized from the receipt of the liquidating distributions. Thus, under the Code, the trust was not taxed on gains realized from the liquidating sales, but the shareholders were taxed on the receipt of the liquidating distributions.

The trust was required to pay Massachusetts income taxes on its gains. General Laws c. 62, § 8 (*a*), as appearing in St. 1973, c. 723, § 2, in effect when the trust was liquidated, provided that "[a] corporate trust engaged within the commonwealth in any business, activity or transaction, whether or not it maintains an office or place of business within the commonwealth, shall be subject to the taxes imposed by this chapter." In computing its gross income for State income tax purposes, the trust was not permitted to take advantage of the nonrecognition provisions of I.R.C. § 337 (1976). Internal Revenue Code § 337 (1976) applies only to corporations, and G. L. c. 62, § 8 (*a*), provides that "[t]he Massachusetts adjusted gross income of [a] corporate trust shall be redetermined as if it were a resident natural person," thereby precluding the trust from using a Code provision limited to corporations. The issue now before us is whether the shareholders must include the liquidating distributions in their Massachusetts taxable income, even though the trust paid taxes on the gains it realized from the liquidation sales.

We begin our analysis with "Massachusetts gross income," which is defined as "the federal gross income" with certain modifications. G. L. c. 62, § 2 (*a*). The taxpayers concede that the capital gain from the liquidating distributions was part of their Federal gross income. See I.R.C. § 331(a)(1) (1976). Their position is that the distributions were excluded from their Massachusetts gross income by G. L. c. 62, § 2 (*a*) (2) (D), which provides that "[t]he items to be deducted [from Federal gross income in computing Massachusetts gross income] are: . . . (D) Dividends received from a corporate trust subject to taxation under this chapter to the extent that such dividends are exempt from taxation under section eight of this chapter."

General Laws c. 62, § 8 (*c*), provides that "[d]ividends on shares of any corporate trust subject to taxation under this chapter shall be exempt from taxation" with certain exceptions that are not relevant here.[4] There is no dispute that the trust was subject to taxation under G. L. c. 62, § 8 (*a*). The only issue is whether, as the Commissioner argues, the exclusion of G. L. c. 62, § 2 (*a*) (2) (D) is inapplicable because a liquidating distribution is not a "dividend" within the meaning of G. L. c. 62, § 8 (*c*). We hold that the liquidating distribution to the taxpayers was a dividend exempt from taxation under G. L. c. 62, §§ 2 (*a*) (2) (D), and 8 (*c*).

"Dividend" is defined in G. L. c. 62, § 1 (*e*), as amended through St. 1973, c. 723, § 16, as "any item of federal gross income which is a dividend under section three hundred and sixteen of the Code or which is treated as a dividend under any other provision of the Code." The taxpayers concede that the Code does not *treat* a liquidating distribution as a dividend, but rather treats the distribution "as in full payment in exchange for the stock." I.R.C. § 331(a) (1976). We must therefore examine § 316 of the Code to determine whether the distributions *were* dividends under that section. Section 316(a) of the Code provides: "General Rule . . . the term 'dividend' means any distribution of property made by a corporation to its shareholders — (1) out of its earnings and profits accumulated after February 28, 1913,[5] or (2) out of its earnings and profits of the taxable year . . . ."

The Commissioner argues that a liquidating distribution is not "out of" earnings and profits but is instead a "distribution of corporate property in and of itself." We disagree. A final distribution to shareholders, to the extent it exceeds the original

---

[4] The balance of G. L. c. 62, § 8 (*c*), denies the exemption to dividends from certain corporate trusts which did not pay taxes on their earnings and profits, and is not relevant to the circumstances of this case. Prior to the adoption of St. 1971, c. 555, § 5, which made the taxation of business trusts mandatory, the trust had elected to have its income taxed.

[5] The Commissioner does not argue that any portion of the distribution to the taxpayers was attributable to earnings and profits accumulated on or before February 28, 1913.

paid-in capital, is nonetheless "out of" earnings and profits, even if the earnings and profits are attributable to a capital gain realized as a result of a liquidation sale. See *State Tax Comm'n* v. *Colbert,* 344 Mass. 494, 495 (1962). Internal Revenue Code § 312(f)(1) (1976), relied on by the Commissioner in oral argument, does not require a different conclusion.

Internal Revenue Code § 312(f)(1) (1976) provides: "*Effect on earnings and profits of gain or loss* . . . Gain or loss . . . realized [from the sale or other disposition (after February 28, 1913) of property by a corporation] shall increase or decrease the earnings and profits to, but not beyond, the extent to which such a realized gain or loss was recognized in computing taxable income under the law applicable to the year in which such sale or disposition was made." For Federal income tax purposes, the gain realized by the trust was not recognized because of I.R.C. § 337 (1976). In accordance with I.R.C. § 312(f)(1) (1976), therefore, the nonrecognized gains were *treated* as irrelevant to the earnings and profits computation. It does not follow, however, that the nonrecognized gains were not "earnings and profits of the trust" within the meaning of I.R.C. § 316 (1976). Internal Revenue Code § 312(f)(1)(1976) does not define terms as does § 316. Instead it provides operational instructions. As observed by commentators, "[e]arnings and profits, as a source of dividend payments, is a statutory term. Although it is *not defined* in the [Code], the [Code] does contain a number of specific rules governing the computation" (emphasis added). 1 J. Mertens, Federal Income Taxation § 9.28 (1981). See also B. Bittker & J. Eustice, Federal Income Taxation of Corporations and Shareholders § 7.03 (4th ed. 1979) ("It is a curious fact that the Internal Revenue Code . . . nowhere defines the term 'earnings and profits' ").

We conclude, therefore, that although the liquidating distributions were not *treated* for Federal income tax purposes as being "out of [the trust's] earnings and profits," earnings and profits were their source and, therefore, they were dividends under I.R.C. § 316 (1976), exempt from taxation under G. L. c. 62, § 2 (*a*) (2) (D).

We also agree with the board that "the taxation at both the trust level and shareholder level is not a pure double taxation in that the same party is taxed twice on the same proceeds. But it is tantamount to double taxation where the same proceeds are being taxed twice. Such a result should be avoided. *Rohrbough, Inc.* v. *Commissioner of Revenue,* 385 Mass. 830, 831 (1982)." Our holding that a liquidating distribution of a corporate business trust is a dividend which, to the extent it meets the requirements of G. L. c. 62, § 8 (*c*), is excluded from the shareholders' taxable income under G. L. c. 62, § 2 (*a*) (2) (D), makes it unnecessary for us to reach the taxpayers' additional arguments that a contrary result would amount to impermissible double taxation and that certain letter rulings of the Commissioner require the result we have reached.

*Decisions of the Appellate Tax Board affirmed.*