JOHN K. GRADY & another[1] *vs.* COMMISSIONER OF
REVENUE.

Suffolk. October 5, 1995. - November 15, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, GREANEY, & FRIED, JJ.

*Taxation,* Income tax, Abatement, Corporation. *Statute,* Construction.
*Words,* "Dividend."

Taxpayers were entitled to a partial abatement of income taxes paid for
the tax years 1984 and 1985, where the income in question, certain
qualified distributions to the taxpayers from two Federal Subchapter S
corporations, did not at that time constitute Federal gross income and
thus was Part B Massachusetts gross income, taxable at 5.375 per cent,
rather than Part A income (i.e., dividends), taxable at a rate of 10.75
per cent. [377-378]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court granted an application for di-
rect appellate review.

*Jonathan Dubitzky (Nerre M. Shuriah* with him) for the
taxpayers.

*Thomas K. Condon* for the Commissioner of Revenue.

GREANEY, J. This is an appeal by John K. Grady and
Elizabeth Grady (taxpayers) pursuant to G. L. c. 58A, § 13
(1994 ed.), from a decision of the Appellate Tax Board
(board) affirming the refusal of the Commissioner of Reve-
nue (commissioner) to grant a partial abatement of income
taxes paid by them. We reverse the board's decision.

During 1984 and 1985, the two tax years in question, the
taxpayers held interests in two Federal Subchapter S corpo-
rations which in those years made distributions to the tax-
payers. The distributions did not exceed the taxpayers'

---

[1]Elizabeth Grady.

adjusted basis in their stock, and the distributions were treated as distributions from each corporation's accumulated adjustments account (AAA). An AAA is the sum of net income (not including tax exempt income) taxed to the shareholders, reduced by net deductions (not including disallowed deductions relating to tax exempt income), and by prior distributions out of an AAA. See Internal Revenue Code (I.R.C.) § 1368 (e) (1) (A); Bravenec, Federal Taxation of S Corporations and Shareholders § 1.4.4 (2d ed. 1988). The taxpayers reported the distributions on their 1984 and 1985 Massachusetts Resident Income Tax Returns as "[o]ther 5% [Part B] income, subject to tax at 5.375%."

After an audit of the taxpayers' returns, the commissioner reclassified the distributions as Part A income, taxable as dividends at 10.75%, and assessed the taxpayers additional taxes and interest for 1984 and 1985. The taxpayers paid the assessments and filed with the commissioner timely applications for abatements which were denied. The taxpayers then appealed to the board pursuant to the formal procedure. See G. L. c. 58A, § 7 (1994 ed.). After considering an amended statement of agreed facts (with accompanying exhibits), the board issued a written decision affirming the commissioner's determination to tax the distributions as Part A income. The taxpayers appealed, and we allowed their application for direct appellate review. We first outline the relevant Federal and Massachusetts tax statutes, after which we conclude, consistent with established principles governing construction of tax statutes, that the plain language of the applicable Massachusetts statute requires reversal of the decision that the distributions were taxable as dividends. Finally, we comment on the commissioner's arguments.

1. *Background.* In 1984 and 1985, for Federal tax purposes, income earned by a Subchapter S corporation was deemed to have "passed through" to the corporation's shareholders. A shareholder paid Federal income tax on the corporation's earnings, regardless of whether the corporation actually distributed any portion of the earnings to the shareholder. Since the shareholder was taxed on earnings at

the time they were earned, the shareholder usually did not pay a Federal income tax on any distributions from the corporation. See I.R.C. § 1368 (b) (1) (providing distributions by a S corporation which has no accumulated earnings and profits "shall not be included in gross income to the extent that it does not exceed the adjusted basis of the stock"), and § 1368 (c) (1) (providing that in the case of a Subchapter S corporation which has accumulated earnings and profits, "[t]hat portion of the distribution which does not exceed the accumulated adjustments account shall be treated in the manner provided by [§ 1368 [b] [1]"). As a result, the distributions to the taxpayers from the AAA of each Subchapter S corporation did not constitute items of Federal gross income.

In 1984 and 1985, Massachusetts did not recognize Subchapter S corporations. See St. 1973, c. 723, § 2.[2] This nonrecognition created differences between a shareholder's treatment of distributions from a Subchapter S corporation on his or her Federal and Massachusetts income tax returns. For Massachusetts purposes, any amounts which were included in a shareholder's Federal gross income under Subchapter S were excluded from Massachusetts gross income, G. L. c. 62, § 2 (*a*) (2) (B), as appearing in St. 1973, c. 723, § 2, while actual distributions to shareholders, which were excluded from Federal gross income, were added to Massachusetts gross income. G. L. c. 62, § 2 (*a*) (1) (E).[3]

In 1984 and 1985, Massachusetts gross income was divided by G. L. c. 62 into two classes, Part A income, taxed at a rate of 10.75%, and Part B income, taxed at a rate of 5.375%. Part A income was defined as "total interest, dividends and net capital gain, included in Massachusetts gross income," G. L. c. 62, § 2 (*b*) (1), while Part B income was

---

[2]The Federal pass-through treatment associated with a Subchapter S corporation was not recognized in Massachusetts until 1986, one year after the last tax year in issue. See St. 1986, c. 488, §§ 72 and 74.

[3]In keeping with this scheme, the taxpayers reported the distributions as Massachusetts gross income.

defined as all items of Massachusetts gross income not included in Part A income. G. L. c. 62, § 2 (*b*) (2).

During these years, a "dividend," for the purposes of Part A income, was defined by G. L. c. 62, § 1 (*e*), as appearing in St. 1973, c. 723, § 16, as "any item of federal gross income which is a dividend under section three hundred and sixteen of the [I.R.C.] or which is treated as a dividend under any other provision of the [I.R.C.]."[4] Section 316 (a) of the I.R.C., in turn, defined "dividend" as "any distribution of property made by a corporation to its shareholders (1) out of its earnings and profits accumulated after February 28, 1913, or (2) out of its earnings and profits of the taxable year."[5]

2. *Discussion.* We agree with the taxpayers that the distributions should have been taxed as Part B income. It is basic that, with respect to their general reach, tax statutes are to be strictly construed in accordance with their plain meaning. In keeping with this principle, this court has consistently held that "[t]he right to tax must be found within the letter of the law and is not to be extended by implication," *Commissioner of Revenue* v. *Molesworth*, 408 Mass. 580, 581 (1990), and cases cited, and that "[t]axing statutes are to be construed strictly against the taxing authority, and all doubts resolved in favor of the taxpayer." *Commissioner of Revenue* v. *AMIWoodbroke, Inc.*, 418 Mass. 92, 94 (1994), quoting *Dennis* v. *Commissioner of Corps. & Taxation*, 340 Mass. 629, 631 (1960). See *Dining Management Servs., Inc.* v. *Commissioner of Revenue*, 404 Mass. 335, 338 (1989), and cases cited.

For Massachusetts taxpayer income to be considered a dividend at the time the distributions in issue were made, G. L. c. 62, § 1 (*e*), required that the income had to constitute an "item of federal gross income." The distributions in issue

---

[4]The commissioner does not contend that the distributions might be treated as dividends under any provision of the I.R.C. other than § 316.

[5]The commissioner does not argue that any portion of the distributions was attributable to earnings and profits accumulated on or before February 28, 1913.

were not an "item of federal gross income" by reason of
I.R.C. §§ 1368 (b) (1) and (c) (1). Under § 1368 (c) (1), a
distribution by a Subchapter S corporation which has accu-
mulated earnings and profits is treated like earnings under
§ 1368 (b) (1), to the extent that the distribution does not
exceed the AAA. Section 1368 (b) (1) provides that a distri-
bution from a Subchapter S corporation which has no accu-
mulated earnings and profits "shall not be included in gross
income to the extent that it does not exceed the adjusted
basis of the stock." It is undisputed that the distributions
here did not exceed each corporation's AAA, and they did
not exceed the taxpayers' adjusted basis in their stock. We
conclude, therefore, based on the governing tax principles set
forth above, that the distributions did not meet the literal
language used in G. L. c. 62, § 1 (*e*), to define a "dividend"
because the distributions did not constitute items of Federal
gross income.

3. *Additional comment.* In the interest of completeness, we
briefly comment on the commissioner's contentions which
formed the basis of the board's decision.

(a) In 1988, the Legislature amended G. L. c. 62, § 1 (*e*),
by striking the definition of "dividend" set forth above and
substituting the following definition which was to have effect
for tax years ending on or after December 31, 1988. " 'Divi-
dend', any item of federal gross income which is treated as a
dividend under the provisions of the Code; or with respect to
a federal S corporation treated as a C corporation or corpo-
rate trust under this chapter and chapter sixty-three, and any
item of federal gross income which, but for Subchapter S of
the Code, would be treated as a dividend under the Code."
St. 1988, c. 202, § 1.

We do not agree with the commissioner that this revision
constituted simply a continuation of existing law. The revi-
sion specifically focuses on Subchapter S corporations, which
the prior definition did not do. The revision is intended in
part to remedy disputes like the one in issue for tax years
subsequent to 1988, and it does not control the outcome in
this case.

(b) The commissioner relied heavily on this court's decision in *Commissioner of Revenue* v. *Shafner*, 392 Mass. 256 (1984), in which it was held that liquidating distributions from a corporate trust were dividends under the definition of G. L. c. 62, § 1 (*e*), because they constituted dividends under I.R.C. § 316, even though the distributions were not treated as coming out of earnings and profits for Federal income tax purposes. As was said in the *Shafner* decision, *supra* at 260: "[A]lthough the liquidating distributions were not *treated* for Federal income tax purposes as being 'out of [the trust's] earnings and profits,' earnings and profits were their source and, therefore, they were dividends under I.R.C. § 316 (1976), exempt from taxation under [Massachusetts tax law]" (emphasis in original).

This determination in the *Shafner* case avoided for the taxpayers what was "tantamount to double taxation." *Id.* at 261. The analysis in the *Shafner* decision pertaining to § 316 may apply to distributions from a Subchapter S corporation's AAA. As one treatise on the issue has said: "The Subchapter S accumulated adjustments account is, in effect, a substitute for the earnings and profits of a corporation provided for under the rules of Subchapter C . . . . In effect, the accumulated adjustments account is a safe harbor for distributions that would otherwise be treated as dividends." 10 J. Mertens, Federal Income Taxation § 41B.82, at 235 (1986 rev. ed.). However, the *Shafner* decision does not affect the result here because the distributions at issue in the *Shafner* case, which had a somewhat different character, were conceded to be part of the taxpayers' Federal gross income. That is the dispositive point which is missing in this case.[6]

(c) The commissioner could not properly rely on the board's decision in *CG Assocs.* v. *Commissioner of Revenue*, 15 Mass. App. Tax Bd. Rep. 28, 31 (1993), in which it was said, during the years at issue, Massachusetts did not recog-

---

[6]The commissioner also relied on *Commissioner of Revenue* v. *Northeast Petroleum Corp.*, 401 Mass. 44, 47-49 (1987). This decision applies the reasoning in the *Shafner* decision concerning I.R.C. § 316, and, as a consequence, does not concern the dispositive point in this case.

nize Subchapter S corporations and, as a result, "S corporations were treated as C corporations for Massachusetts purposes." The *CG Assocs.* decision concerned the treatment of Subchapter S corporations under G. L. c. 63, § 30 (5) (*b*), not the general treatment of Subchapter S corporations for all Massachusetts tax purposes.[7] To treat the *CG Assocs.* decision as having the broad sweep attributed to it by the commissioner would violate the principle stated in *B.W. Co.* v. *State Tax Comm'n*, 370 Mass. 18, 22-23 (1976), that,

> "[i]f the State income tax law has incorporated Federal income tax provisions, those provisions should be interpreted as they are interpreted for Federal income tax purposes. . . . We should be reluctant to infer the existence of a State legislative intent which would require us to disregard the meaning established under Federal tax law of unambiguous, common statutory language."

(d) The commissioner's administrative interpretation in Income Tax Rul. 22 (Nov. 6, 1958), that distributions by a Subchapter S corporation are dividends for Massachusetts tax purposes, and the instructions accompanying Massachusetts income tax forms for 1973, 1984, and 1985, stating that actual distributions by Subchapter S corporations were to be included as Part A income, cannot displace the relevant un-

---

[7] The issue in the *CG Assocs.* dispute was whether a Subchapter S corporation could avail itself of a net operating loss (NOL) carryover deduction under G. L. c. 63, § 30 (5) (*b*). Subject to certain limitations not at issue in this case, § 30 (5) (*b*) allowed corporations a NOL carryover deduction as such NOL was "determined" under I.R.C. § 172. The commissioner argued that because § 1363 (b)(2) did not allow a Subchapter S corporation NOL deductions for Federal purposes, the S corporation should not be allowed those deductions for Massachusetts purposes. The board rejected this argument, explaining:

> "Because G. L. c. 63, § 30 (5)(b)(ii), uses the term 'determined' rather than a term such as 'allowed,' because neither G. L. c. 63, § 30 (5)(b)(ii), nor IRC § 172 makes any reference to S corporations or IRC § 1363 (b)(2), and because Massachusetts did not distinguish between S and C corporations for the years at issue, the Commissioner's argument fails."

ambiguous, see *Boston Neighborhood Taxi Ass'n* v. *Department of Public Utils.*, 410 Mass. 686, 690 (1991), requirement in G. L. c. 62, § 1 (*e*), which states that, to constitute a dividend, the distribution had to be an item of Federal gross income.[8]

4. *Disposition.* The board's decision is reversed. A new decision is to be entered ruling that the distributions in issue were properly includable as Part B income taxable at 5.375%, and the taxpayers are to receive appropriate abatements.

*So ordered.*

---

[8]We also note that, although Income Tax Rul. 22 was issued contemporaneously with the Federal legislation which introduced Subchapter S into the I.R.C., it was adopted before the legislative definition of dividend at issue in this case was enacted. Mass. Excise Rul. 1958-9. This is significant because, unlike the definition of dividend which governed in 1984 and 1985, the definition of dividend in 1958 did not require a dividend to be an item of Federal gross income. Moreover, in 1958, Massachusetts tax law did not distinguish between Part A and Part B income. Accordingly, Income Tax Rul. 22 does not provide any substantial guidance as to whether Subchapter S corporation distributions should be considered Part A income.