STATE TAX COMMISSION *vs.* THE PoGM Co.

Suffolk. January 6, 1976. — January 29, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Taxation,* Securities corporation.

A corporation holding a mortgage note representing the unpaid por-
tion of the purchase price of its real estate was not entitled to the
tax treatment accorded a "security" corporation "which is engaged
in buying, selling, dealing in, or holding securities on its own
behalf" under G. L. c. 63, § 38B, as appearing in St. 1966, c. 698,
§ 60, since the note was not being held for the purpose of invest-
ment, as required by § 38B, but had been acquired only as a
means of financing the sale of the corporation's real estate. [613]

APPEAL from a decision by the Appellate Tax Board.

*Paula R. Rosen,* Assistant Attorney General, for the
State Tax Commission.

*David G. Hanrahan & Arthur G. Flaherty,* for the tax-
payer, submitted a brief.

WILKINS, J. The State Tax Commission appeals from a
decision of the Appellate Tax Board which concluded
that the taxpayer, The PoGM Co. (PoGM), was entitled
to the tax treatment accorded by G. L. c. 63, § 38B, as
appearing in St. 1966, c. 698, § 60, to a corporation
(herein called a security corporation) "which is engaged
exclusively in buying, selling, dealing in, or holding se-
curities on its own behalf and not as a broker," provided
that the corporation (as here) meets the other conditions
of § 38B.[1] The question is whether PoGM, which was

---

[1] General Laws c. 63, § 38B, has been amended since St. 1966,
c. 698, § 60, but those amendments are applicable to tax years after
the tax year involved here. See St. 1971, c. 555, §§ 35, 67; St. 1973,
c. 752, §§ 8, 12.

once engaged in the production and sale of jams, jellies, and preserves, qualifies as a security corporation under § 38B for its 1971 tax year because it retained a note, secured by a mortgage, representing the balance due from the sale of its real estate. We conclude that PoGM did not qualify during its 1971 tax year as a security corporation under § 38B.

In 1967, PoGM sold its plant, equipment, and other assets and ceased its manufacturing activities. The Board found that "[b]ecause of zoning questions and the possibility of adverse changes then under consideration by the municipal authorities, only $1,000 of the total sales price of $60,000 was obtainable for the real estate" and that PoGM was compelled to accept a promissory note from the buyer in the amount of $59,000 as part payment for its real estate. The note was secured by a mortgage on the property sold and was "payable on a direct reduction basis over a fifteen year period with interest on the unpaid balance payable at the rate of 7% per annum." Since 1967, PoGM has "operated as a security company" and "is considered a personal holding company under federal income tax law." In July, 1970, PoGM applied for classification under § 38B as a security corporation, and its application was denied. PoGM "duly filed its Domestic Business or Manufacturing Corporation Excise Tax Return for its fiscal year ending April 30, 1971, on the basis of a security corporation classification." In its fiscal year ended April 30, 1968, PoGM elected to report profit realized on the sale of its real estate on an instalment basis. During the tax year here involved, PoGM's gross income was approximately $14,800, of which interest on the mortgage note and gain from the sale of its real estate represented approximately $5,450.

PoGM was not "engaged exclusively in buying, selling, dealing in, or holding securities on its own behalf" during its 1971 tax year. The fact that a major portion of PoGM's activities may have fit the statutory definition does not satisfy the statutory requirement. *Chatham*

*Corp.* v. *State Tax Comm'n,* 362 Mass. 216, 219-220 (1972). If PoGM's retention of a mortgage note from the sale of its real estate used in its manufacturing activities does not constitute "holding securities on its own behalf," PoGM does not meet the statutory requirement. Recently, we noted that the statutory purpose of § 38B must be considered in determining whether a corporation qualifies as a security corporation. *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360 (1975). In that case, we concluded that a taxpayer whose business was lending money (and holding secured obligations of its debtors) did not qualify under § 38B. We said that a corporation may qualify under § 38B only if it is buying, selling, dealing in, or holding securities for the purpose of investment. *Id.* at 367.

Although the mortgage note representing the unpaid portion of the purchase price of PoGM's real estate may be a "security," we do not regard such a note as the type of security which the Legislature had in mind in § 38B. PoGM did not acquire the mortgage note in the normal course of investment but rather acquired it as the apparently unavoidable consequence of the circumstances under which it had to sell its real estate. Thus the mortgage note was not acquired for investment but was taken as a means of financing the sale of PoGM's real estate. It lacks the characteristics of a security bought and held for investment purposes, just as did the evidences of indebtedness held by the taxpayer in the *Industrial Fin. Corp.* case.[2]

This case concerns an issue of law on undisputed facts and does not involve any finding of fact that PoGM was a "security corporation." We hold that, as matter of law, PoGM was not a security corporation within the intent of § 38B.

The decision of the Appellate Tax Board is reversed.

*So ordered.*

---

[2] The opinion of the Appellate Tax Board makes no reference to its *Industrial Fin. Corp.* decision.