Marco Realty Trust *vs*. Commissioner of Revenue.

Suffolk.  January 6, 1982. — April 13, 1982.

Present: Hennessey, C.J., Wilkins, Abrams, Lynch, & O'Connor, JJ.

*Taxation*, Income tax, Business trust.

A Massachusetts business trust with transferable shares which owned all
     the shares in a similar trust was not entitled under G. L. c. 62, as in ef-
     fect prior to St. 1976, c. 415, § 100, to file a State income tax return
     consolidating the income and expenses of the two trusts.  [799-801]

Appeal from a decision of the Appellate Tax Board.

*James B. Marcus* for the taxpayer.

*James A. Aloisi, Jr.*, Assistant Attorney General, for
Commissioner of Revenue.

O'Connor, J.  During 1971, 1972, and 1973, the plaintiff
taxpayer was a business trust with transferable shares and it
owned all the shares in a similar trust.[1]  The taxpayer filed
Federal and State income tax returns for those years consoli-
dating the income and expenses of the two trusts.  This
inured to the benefit of the taxpayer.  The State Tax Com-
mission (commission)[2] took the position each year that the
filing of consolidated State income tax returns by business
trusts was unauthorized, and assessed additional taxes and
interest.  The taxpayer's applications for abatement were
denied by the commission and the taxpayer appealed to the
Appellate Tax Board (board), which affirmed the commis-
sion's decision.  The taxpayer appeals to this court.  We af-
firm the board's decision.

First, we discuss the years 1971 and 1972.  General Laws
c. 62, § 8 (*a*), as appearing in St. 1971, c. 555, § 5, provided

---

[1] Winchester Apartments Trust.

[2] Now the Commissioner of Revenue.  See St. 1978, c. 514, § 5.

in relevant part: "A partnership, association or trust, the beneficial interest in which is represented by transferable shares . . . shall be subject to the taxes imposed by this chapter. . . . In determining the Code deductions allowable to such partnership, association or trust under this chapter it shall be considered to be an individual and not a corporation." The taxpayer, therefore, was subject to the taxes for 1971 and 1972 that were imposed by G. L. c. 62.

Gross income, for purposes of calculating taxable income under G. L. c. 62, § 2, as appearing in St. 1971, c. 555, § 5, was gross income as defined under the Internal Revenue Code (Code), as amended on January 1, 1971. G. L. c. 62, § 1 (*c*) and (*d*), as appearing in St. 1971, c. 555, § 5. During 1971 and 1972, as well as 1973, business trusts with transferable shares were treated for Federal tax purposes as corporations. 26 U.S.C. § 7701(a) (1976). Affiliated corporations were permitted to file consolidated returns. 26 U.S.C. § 1501 (1976). The taxpayer argues that because G. L. c. 62, incorporates the Code definition of gross income it also incorporates Code §§ 7701(a) and 1501, with the result that for State, as well as Federal tax purposes, the taxpayer and its affiliate must be treated as corporations with a right to file a consolidated tax return.

The premise does not support the taxpayer's conclusion. The Code definition of gross income speaks only to what is includable in gross income. It says nothing about how income is to be reported or whether several taxpayers may report their separate incomes and expenses on one return. Incorporation of the Code definition of gross income, therefore, does not authorize consolidated returns, and we must look to the pertinent provisions of State tax law.

In 1971 and 1972, as well as 1973, the completion and filing of State income tax returns by taxpayers subject to taxation under c. 62 was governed by §§ 22, 23, and 24, of that chapter.[3] "Every individual" and "[e]very partnership,

---

[3] Repealed by St. 1976, c. 415, § 100. See now G. L. c. 62C, §§ 5, 6, and 7.

association or trust" receiving a specified minimum income subject to taxation under c. 62, was required to "make a return of such income." G. L. c. 62, § 22. Section 22 expressly permitted a husband and wife to file a single return jointly. The clear intent of the Legislature was that every taxpayer subject to taxation under c. 62, except husbands and wives, was required to file a separate return.[4]

There is nothing in *B.W. Co.* v. *State Tax Comm'n*, 370 Mass. 18 (1976), contrary to our conclusion that the taxpayer did not have a right to file a consolidated return for the years 1971 and 1972. In that case we held that the gross income of a business trust was the same for State tax purposes as it was for Federal tax purposes, thereby allowing the taxpayer to exclude from gross income certain gains from the sale of assets pursuant to a liquidation plan. We rejected the State Tax Commission's arguments against a literal application of c. 62, §§ 1 (*d*) and 2 (*a*), defining gross income to be gross income as defined in the Code. That case does not hold that c. 62 expressly or impliedly incorporates 26 U.S.C. §§ 1501 or 7701(a) (1976).

We turn now to the tax year 1973. General Laws c. 62, § 1, as appearing in St. 1973, c. 723, § 2, defined "[c]orporate trust" as "any partnership, association or trust, the beneficial interest of which is represented by transferable shares." General Laws c. 62, § 8 (*a*), as appearing in St. 1973, c. 723, § 2, provided that "[a] corporate trust engaged within the commonwealth in any business, activity or transaction . . . shall be subject to the taxes imposed by this chapter. The Massachusetts adjusted gross income of such corporate trust shall be redetermined as if it were a resident natural person . . . ."

What we have said concerning the taxpayer's right to file a consolidated return in 1971 and 1972 applies with equal

---

[4] This clear legislative intent is not altered in any way by State tax return forms that require use of the gross income reported on the Federal tax return forms. These State forms are based on the assumption that every distinct taxpayer will report its income on a separate form, notwithstanding Federal permission to consolidate.

force to 1973. In addition, the 1973 amendment to c. 62, § 8 (*a*), specifically provides that the gross income of a corporate trust shall be "redetermined" as if it were a resident natural person, thus contravening any contention that the taxpayer was entitled to be treated as a corporation with the right to file a consolidated return in 1973. Since resident natural persons did not have a right to file consolidated returns, neither did the taxpayer. The taxpayer's argument that individual taxpayers operating several businesses as sole proprietorships may combine the income and expenses of those ventures on one return and that, therefore, individuals may file consolidated returns, is specious.

> *Decision of the Appellate Tax*
> *Board affirmed.*