COMMISSIONER OF REVENUE *vs.* RICHARD J. BROWN.

Suffolk. October 7, 1996. - January 6, 1997.

Present: WILKINS, C.J., ABRAMS, O'CONNOR, & FRIED, JJ.

*Taxation,* Sales and use tax. *Words,* "Responsible person."

The Appellate Tax Board correctly concluded that a minority stockholder
of a corporation who was also the corporation's treasurer and a director
was not, in the circumstances presented, a person "under a duty to pay
over [sales] taxes imposed" under G. L. c. 64H, § 16, so as to be person-
ally liable under that statute for the failure to pay unpaid corporate
sales taxes. [43-45]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Macy Lee,* Assistant Attorney General, for the Commis-
sioner of Revenue.

*James P. Hayes* (*Philip B. Evans* with him) for the defen-
dant.

*Stephen Ostrach,* for New England Legal Foundation, ami-
cus curiae, submitted a brief.

WILKINS, C.J. The Commissioner of Revenue (commis-
sioner) sought to hold Richard J. Brown, a minority
shareholder, treasurer, and director of Hilco Supply, Inc.
(Hilco), responsible for Hilco's failure to pay over to the
Commonwealth certain Massachusetts sales taxes collected by
Hilco. The commissioner followed the procedures prescribed
by G. L. c. 62C, § 31A (1994 ed.), for the assessment of
unpaid sales taxes against a person responsible for payment of
such taxes. The commissioner determined that Brown had a
duty to pay certain sales taxes collected by Hilco and assessed
them against Brown. Brown applied to the commissioner for
an abatement of the taxes and then appealed to the Appellate
Tax Board (board) from the commissioner's refusal to abate
the assessed sales taxes.

Brown's liability for Hilco's unpaid sales taxes depends on whether, under G. L. c. 64H, § 16 (1994 ed.), he is a person who was "under a duty to pay over the taxes imposed" under the sales tax statute (G. L. c. 64H). If he was under such a duty, his failure to pay the unpaid sales taxes to the commissioner would make him "personally and individually liable therefor to the commonwealth." G. L. c. 64H, § 16. The board ruled, however, that Brown was not under a duty to pay over sales taxes collected by Hilco and thus was not personally liable for the assessed sales taxes. We transferred to this court the commissioner's appeal from the board's decision.

The board found the following facts.[1] On July 5, 1989, when Hilco filed its sales tax return for the first quarter of 1989, but did not pay the tax due, Brown owned twenty-three per cent of Hilco's stock, and was its treasurer and a director. Brown was an accountant whose firm performed audits and prepared income tax returns for Hilco. Brown's role in Hilco was otherwise limited to raising capital and performing long-range financial planning. He personally guaranteed Hilco's obligations to a bank. Brown met frequently with Hilco's general manager and other employees, but in the first quarter of 1989 he was present in Hilco's main office only once. Hilco's general manager had authority over Hilco's day-to-day business. The general manager prepared the company's sales tax returns, and she wrote and signed the company's checks. In the first quarter of 1989, Brown signed no Hilco checks (although he had authority to do so), neither prepared nor filed tax returns, and participated in none of Hilco's day-to-day operations. He had no authority over Hilco's personnel. Insofar as it was a question of fact, the board found that Brown's duties did not include responsibility for paying Hilco's sales taxes. As we have indicated, the board ruled that Brown did not have a duty to pay Hilco's taxes and, therefore, he was not a responsible person. The board accordingly granted the abatement that Brown had sought.

The commissioner's regulations define a "[r]esponsible person" as "any person who is or was under a duty to pay over taxes imposed on a corporation" by G. L. c. 64H, and

[1]Regrettably, the board's findings of fact often recite what testimony was given rather than find facts. But the commissioner does not challenge the board's assertion that the facts are not in dispute.

defines a "[d]uty to pay over taxes" as "an obligation to remit taxes that arises from a person's position, function, or responsibility undertaken on behalf of a corporation." 830 Code Mass. Regs. § 62C.31A.1(2) (1993).

There is no Massachusetts case that identifies circumstances in which a person is a responsible person or lists factors that bear on whether there is an obligation to remit taxes arising from a person's circumstances. The answer would be easily arrived at if there were authority to have the taxes paid pursuant to the terms of one's employment or if an individual had been given express authority to pay over taxes as part of his or her regular activities. Neither of these circumstances obtains here.

The board considered, and the parties have argued to us, that guidance can be found in comparable provisions concerning the failure to pay over Federal taxes withheld from employees. 26 U.S.C. § 6672 (1994). Any person required to pay over withheld Federal taxes, that is, anyone who "is under a duty to" do so, is liable for an amount equal to the unpaid taxes, if the failure is wilful. *Id.* There is a close parallel between the State and Federal statutes concerning the duty to pay over, but only the Federal statute requires that the failure to pay over be wilful. Under the Federal cases, the issue of a duty to pay over turns on whether the facts demonstrate that the person assessed had the authority to have the taxes paid. See *United States* v. *Rem,* 38 F.3d 634, 642 (2d Cir. 1994); *Purcell* v. *United States,* 1 F.3d 932, 937 (9th Cir. 1993); *Barnett* v. *IRS,* 988 F.2d 1449, 1454-1455 (5th Cir.), cert. denied, 510 U.S. 990 (1993); *O'Connor* v. *United States,* 956 F.2d 48, 50-51 (4th Cir. 1992).

The commissioner recognizes that he can prevail in this appeal only if, on the facts found by the board, Brown had a duty to pay over the taxes as a matter of law. Someone other than Brown had authority over the day-to-day business of the company, prepared and filed sales tax returns, and signed checks. Brown never wrote company checks or prepared sales tax returns. Hilco was a client of Brown's accounting firm, which conducted audits of Hilco and prepared its corporate tax returns. Brown's role was to raise capital for Hilco and perform long-range financial planning.

Although Brown was Hilco's treasurer, was a minority shareholder, and had authority to sign checks (all relevant

facts), the board was not required to rule that Brown had a duty to pay over Hilco's sales taxes. It was not Brown's job to pay over sales taxes, nor did he have supervisory responsibility for the payment of those taxes to the Commonwealth. He had no day-to-day management duties, and he had no decision-making authority over the disbursement of funds. The facts did not compel the board to rule that Brown was under a duty to pay over the taxes imposed.

The decision of the Appellate Tax Board granting the abatement is affirmed.

*So ordered.*