GLADYS S. MINKIN, trustee,[1] *vs.* COMMISSIONER OF REVENUE.

Suffolk. February 5, 1997. - June 10, 1997.

Present: WILKINS, C.J., LYNCH, O'CONNOR, FRIED, & MARSHALL, JJ.

*Trust,* Business trust, Taxation. *Taxation,* Business trust, Abatement.

Where corporate trusts are treated pursuant to G. L. c. 62, § 8 (*a*), as individuals for purposes of income and capital gains recognition and taxation and as corporations for purposes of incorporation and reorganization, the Appellate Tax Board correctly concluded that certain corporate trusts must recognize capital gains upon liquidation of the trust property and were not entitled to a step-up in basis on shares that had passed from one decedent shareholder to another, inasmuch as the shareholder's basis in the shares and the trust's basis in its property are not interrelated. [177-181]

APPEAL from a decision of the Appellate Tax Board.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Rosemary S. Gale,* Assistant Attorney General, for the Commissioner of Revenue.

*Marc A. Elfman* for the taxpayers.

LYNCH, J. This appeal raises the question whether, for purposes of Massachusetts income taxation, property owned by a corporate trust is entitled to a "step-up in basis" similar to § 1014 of the Internal Revenue Code of 1954 (I.R.C.), when transferable shares pass from a decedent shareholder. The trustee of four corporate trusts (trusts) appealed from a decision of the Appellate Tax Board (board) upholding the Commissioner of Revenue's (commissioner's) determination that the trusts were not entitled to an abatement for alleged overpayment of capital gains taxes. The Appeals Court reversed the board's decision on the ground that property held

[1]Of Minkin West Roxbury Realty Trust, Minkin Quincy Realty Trust, National Nursing Home Realty Trust, and Minkin Forest Hills Realty Trust.

in a corporate trust is entitled to a step-up in basis when shares pass from a decedent. See *Minkin* v. *Commissioner of Revenue*, 40 Mass. App. Ct. 345 (1996). We granted the commissioner's application for further appellate review. We affirm the decision of the board.

1. *Background.*

A. *Facts.* The parties stipulated to the following facts. Isadore Minkin (decedent) and his wife, Gladys S. Minkin, acquired four properties and placed them in separate corporate trusts. See G. L. c. 62, § 1 (*j*).[2] The trusts engaged in the business of owning and renting real estate. The decedent and his wife were the sole trustees and each owned one-half of the transferable shares. The trusts were treated as corporations for both Federal and State tax purposes.[3]

On January 14, 1983, the decedent died and his wife inherited his interests. The decedent's estate used the fair market value of the trusts' property to value his shares and paid estate taxes accordingly. In December, 1983, the trustee adopted a complete plan of liquidation and sold the trusts' property. Because the trusts were treated as corporations for Federal tax purposes, no gain or loss was recognized on this sale for Federal tax purposes. I.R.C. § 337.[4] For State tax purposes, the nonrecognition provision of § 337 does not ap-

---

[2]General Laws c. 62, § 1 (*j*), defines "[c]orporate trust" as "any partnership, association or trust, the beneficial interest of which is represented by transferable shares."

[3]This stipulation is problematic. For State tax purposes, the trusts should have been treated as corporate trusts. If they were treated as corporations, I.R.C. § 337 would apply. See notes 4 & 11, *infra*.

[4]For Federal income tax purposes, the gain or loss realized by a corporation on the sale of its property within one year of the adoption of a complete plan of liquidation is not recognized at the corporate level. I.R.C. § 337 (a). The gain or loss is only recognized at the shareholder level. The gain or loss is measured as the difference between the shareholder's basis in the transferable shares and the fair market value of the property distributed.

Here, the trusts adopted complete plans of liquidation and distributed the property to the remaining shareholder, who measured the gain as the difference between her basis in the shares and the fair market value of the property distributed. This is where I.R.C. § 1014 benefits the remaining shareholder because the value of the shares she acquired from the decedent were stepped-up to the value at the date of his death.

For Massachusetts tax purposes the advantage of the step-up in shares is not helpful because the nonrecognition provision of § 337 is not available to corporate trusts under State law. G. L. c. 62, § 8 (*a*). See *Commissioner*

ply to corporate trusts. See *Commissioner of Revenue* v. *Shafner,* 392 Mass. 256, 258 (1984) (§ 337 only applies to corporations). The trusts must recognize a capital gain on the sale of property; the amount depends on whether the trusts' bases in the property should be stepped-up.

B. *Section 1014 of the Internal Revenue Code.* Basis is the starting point for determining gain or loss on the sale of property. In general, basis reflects the taxpayer's cost, adjusted as required for improvements and depreciation. I.R.C. § 1012. There is an exception to this rule when the property owner dies. Pursuant to § 1014, the basis of property "acquir[ed]" or deemed to pass from a decedent is "the fair market value of the property at the date of the decedent's death." I.R.C. § 1014 (a).[5] The basis of the property in the transferee's hands is "stepped-up" or "down," thereby erasing unrealized capital gains or losses accrued while the decedent held the property.

"The purpose of section 1014 is, in general, to provide a basis for property acquired from a decedent which is equal to the value placed upon such property for purposes of the Federal estate tax." 26 C.F.R. § 1.1014-1 (1996). Section 1014(b) lists ten specific situations in which a taxpayer is considered to have acquired property from a decedent or in which the property is deemed to have passed from the decedent. The relevant provisions are set out in the margin.[6] Property acquired from a decedent includes, principally, prop-

---

*of Revenue* v. *Shafner,* 392 Mass. 256, 258 (1984). The corporate trust must recognize a gain at the corporate trust level.

[5]Section 1014(a)(1), provides, in part, as follows: "[T]he basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be — (1) the fair market value of the property at the date of the decedent's death."

[6]Section 1014(b) provides, in pertinent part, as follows: "(b) For purposes of subsection (a), the following property shall be considered to have been acquired from or to have passed from the decedent:

"(1) Property acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent;

"(2) Property transferred by the decedent during his lifetime in trust to pay the income for life to or on the order or direction of the decedent, with the right reserved to the decedent at all times before his death to revoke the trust;

"(3) In the case of decedents dying after December 31, 1951, property transferred by the decedent during his lifetime in trust to pay the income

erty transferred by bequest, devise, or inheritance, and property required to be included in determining the fair market value of the decedent's gross estate under the relevant provisions of the I.R.C. 26 C.F.R. § 1.1014-1. Thus, for example, a stepped-up basis is applied to property passing by will or intestacy, revocable or alterable trusts, or transfers under appointment. I.R.C. § 1014(b). 26 C.F.R. § 1.1014-2 (1996). The property must fit into one of the categories listed in § 1014(b) to fall within the purview of § 1014(a).

These well-established principles of Federal tax law were incorporated into the Massachusetts tax statutes under G. L. c. 62, § 6F.[7] With this background in mind, we turn to the issue on appeal.

2. *Discussion.* The basis of the shares passed from the decedent to the remaining shareholder was stepped-up to the 1983 fair market value. I.R.C. § 1014. Had the beneficiary sold her inherited shares in the trusts at the 1983 fair market value, she would not have realized a capital gain on the stepped-up shares. Instead, the trusts were liquidated and the proceeds were distributed to the remaining shareholder.

For State tax purposes, the trusts recognized a gain when their property was liquidated. G. L. c. 62, § 8. The gain was measured as the difference between the trusts' bases in the property and the fair market value. The commissioner took the position that the trusts' bases were not affected by § 1014 because the trusts and their shareholders were separate taxable entities. He argues that the trusts should be treated like a corporation. Property owned by a corporation does not "pass"

---

for life to or on the order or direction of the decedent with the right reserved to the decedent at all times before his death to make any change in the enjoyment thereof through the exercise of a power to alter, amend, or terminate the trust;

"(4) Property passing without full and adequate consideration under a general power of appointment exercised by the decedent by will; . . .

"(9) In the case of decedents dying after December 31, 1953, property acquired from the decedent by reason of death, form of ownership, or other conditions (including property acquired through the exercise or non-exercise of a power of appointment), if by reason thereof the property is required to be included in determining the value of the decedent's gross estate under chapter 11 of subtitle B or under the Internal Revenue Code of 1939. . . ."

[7]General Laws c. 62, § 6F, was not enacted until 1986, two years after the decedent's death. St. 1986, c. 488, § 34. The parties do not argue the significance of this fact.

from the decedent within the meaning of § 1014(b), and thus there is no step-up in basis.

The trustee contends that the trusts' bases in one-half of the property should be stepped-up to reflect the fair market value of the deceased shareholder's one-half interest in the trusts. The trustee argues that the decedent owned an interest in the property itself, similar to an interest in an ordinary trust under § 1014(b) which is deemed to pass from the decedent. Thus, when the shares passed from the decedent, so did the trust property, and § 1014(a) should apply.[8] We disagree.

The corporate trust, also known as the "Massachusetts business trust," is an adaptation of the common law trust for the purpose of carrying on a business enterprise originally used to avoid the restrictions against corporate ownership of real property. Annot., 88 A.L.R.3d 704, 711 (1978). The corporate trust is essentially a business organization cast in the trust form. *Id.* For the most part, it is treated as a partnership or a corporation for Federal tax purposes. "The fact that any organization is technically cast in the trust form . . . will not change the real character of the organization if, the organization more nearly resembles an association or a partnership than a trust." 9 J. Mertens, Federal Income Taxation, § 36.35 (1996). See 26 C.F.R. § 301.7701-4(b) (1996).

For Massachusetts tax purposes, a corporate trust is a hybrid between an individual and corporate taxpayer.[9] The corpo- ration trust is taxed as a "resident natural person." G. L.

---

[8]The shareholder also contends that the trusts should be treated like a "controlled" corporation under I.R.C. § 2036. We disagree. Section 2036 only applies to corporations, and G. L. c. 62, § 8, precludes corporate trusts from using a code provision limited to corporations. *Commissioner of Revenue* v. *Shafner*, 392 Mass. 256, 258 (1984).

[9]Corporate trusts are not recognized under the I.R.C. For Federal tax purposes, corporate trusts are examined under the "control test" to determine whether they should be taxed as a trust, partnership, or corporation. See *Morrissey* v. *Commissioner of Internal Revenue*, 296 U.S. 344 (1935). We need not apply this test for State tax purposes because our Legislature has determined that a corporate trust should be taxed as a "resident natural person." See G. L. c. 62, § 8. All corporate trusts meeting the definition of G. L. c. 62, § 1 (j) (beneficial interest represented by transferable shares), are taxable under G. L. c. 62, § 8, regardless of their treatment for Federal tax purposes.

A similar test has been used by this court to determine whether beneficiaries are personally liable. Compare *First Nat'l Bank* v. *Chartier*, 305

c. 62, § 8 (*a*). This means that corporate trusts are treated as individuals for purposes of income and capital gains recognition. However, corporate trusts are treated as corporations for purposes of incorporation and reorganization under I.R.C. §§ 351-368. G. L. c. 62, § 8 (*a*). Essentially, the corporate trust is taxed as an "individual" entity which closely resembles a corporation. See *Commissioner of Revenue* v. *Northeast Petroleum Corp.*, 401 Mass. 44, 47 (1987).

Under Massachusetts tax laws corporate trusts with transferable shares have no relation and little resemblance to ordinary trusts. Ordinary trusts are essentially taxed on the principle of identity between the trust and the beneficiary. For example, one must look through the trust to the domiciliary status of the individual beneficiaries in order to determine the part of the trust's income which is taxable. If the individual is taxable under G. L. c. 62, his allocable share of the trust's income is taxable. See G. L. c. 62, § 10 (*a*). On the other hand, if the individual is nontaxable by reason of nonresidence, his allocable share of the trust's income is nontaxable. See G. L. c. 62, § 10 (*a*). Furthermore, certain exemptions applicable to the beneficiary may be claimed by the trust to reduce the tax attributable to the individual's share of the trust's income. See G. L. c. 62, § 12. The trust is viewed as an income collecting and distributing agent for the beneficiary. The barrier interposed between the corporate trust and its shareholder by the Legislature stands in strong contrast to the transparent quality of the ordinary trust where the income and gains recognition depends on the status of the beneficiary. See Barrett & deValpine, Taxation of Business Trusts and Other Unincorporated Massachusetts Entities With Transferable Shares, 40 B.U. L. Rev. 329, 340-341 (1960).

In most significant respects a corporate trust is conceptually treated as a corporation under the Massachusetts tax statutes. "[T]here is no intrinsic difference between a corporate business trust and a corporation." *Commissioner of Revenue* v. *Northeast Petroleum Corp., supra* at 47. The corporate trust is taxed as a distinct entity, rather than as a pro-

Mass. 316, 321 (1940) (shareholder who retains excessive control not entitled to limited liability); and *Greco* v. *Hubbard*, 252 Mass. 37, 43 (1925) (limited liability for beneficiaries of trust with corporate characteristics). However, this test is not applicable for taxation purposes where the Legislature has defined the status of corporate trusts.

jection of the individual tax personality of its shareholders. On the corporate trust level, nothing turns on the tax status of the shareholders. Moreover, the corporate trust must recognize capital gains when the trust property is liquidated at a profit.[10] The Legislature expressed a clear intent to treat corporate trusts and their shareholders as separate entities. *B.W. Co.* v. *State Tax Comm'n*, 370 Mass. 18, 21 n.4 (1976).

The status of the corporate trust shareholder resembles that of a counterpart in a corporation. See *Commissioner of Revenue* v. *Northeast Petroleum Corp.*, *supra* at 47; *Goodhue* v. *State St. Trust Co.*, 267 Mass. 28, 34 (1929). "A shareholder in a [corporate] trust only has an equitable interest in trust property; he has neither the legal title nor the right to convey such property; he may not demand a partition of trust property." 2 Z. Cavitch, Business Organizations § 43.23, at 43-102 (1997). But see *State Tax Comm'n* v. *Colbert*, 344 Mass. 494, 497 (1962) (shareholder taxpayer had beneficial interest in trust's real property). While there is an identity between the trustee and the shareholder in this case, this identity is not required. Depending on the terms of the trust agreement, the shareholder is free to sell his shares. The transferor shareholder recognizes a capital gain or loss on the sale and the transferee shareholder takes shares with a basis equal to the purchase price. See G. L. c. 62, § 6F. The corporate trust's basis in its property is unaffected. Similarly, where the trust's basis in its property is adjusted for depreciation or additions, there is no corresponding adjustment in the shareholder's basis in his or her shares. The shareholder's basis in his or her shares and the corporate trust's basis in its property are not interrelated.

Because of the similarities in business form, corporate trusts should be treated the same as corporations for the purpose of § 1014. "If the State income tax law has incorporated Federal income tax provisions, those provisions should be interpreted as they are interpreted for Federal income tax purposes." *B.W. Co.* v. *State Tax Comm'n*, *supra* at 22. Corporate property does not fall within the purview of § 1014(b) when shares are passed from a decedent. See 26 C.F.R. §§ 1.1014-1,

---

[10]By St. 1973, c. 723, § 2, G. L. c. 62, § 8 (*a*), was amended to achieve this result. Prior to 1973, gain on the sale of property in a complete plan of liquidation was not included in a corporate trust's gross income. See *B.W. Co.* v. *State Tax Comm'n*, 370 Mass. 18, 21 n.4 (1976).

1.1014-2. Thus, we conclude that property owned by a corporate trust falls outside the scope of § 1014 and is not entitled to a step-up in basis when shares pass from a decedent shareholder. The trusts must recognize a gain on the sale of the trust property without the advantage of § 1014.[11] We cannot overlook the tax structure imposed by the Legislature. The shareholders organized themselves as corporate trusts and must abide by the consequences of that election.

The decision of the Appellate Tax Board is affirmed.

·                                                    *So ordered.*

---

[11]This holding should not have far reaching consequences. The prudent tax maneuver is to convert the corporate trust into a corporation. Ordinarily, a corporate trust can be converted into a business corporation by means of a merger or other restructuring in a reorganization qualifying as a mere change in form under I.R.C. § 368(a)(1)(F). If the trusts had taken this step, then § 337 would have been available. See note 3, *supra.*