In re Robert P. COVENEY, Debtor.

Mitchell ADAMS, Commissioner, Commonwealth of Massachusetts, Department of Revenue, Appellant,

v.

Robert P. COVENEY, Appellee.

Civ.A. No. 96–40241–GAO.

United States District Court,
D. Massachusetts.

March 4, 1998.

Edward J. DeAngelo, Atty. General's Office, Karen L. Paino, Massachusetts Dept. of Revenue, Boston, MA, for Appellant.

Arthur Bergeron, Badbois & Bereron, Marlboro, MA, for Appellee.

Denise Pappalardo, trustee, Worcester, MA, Pro se.

## MEMORANDUM and ORDER

O'TOOLE, District Judge.

The Commissioner of the Massachusetts Department of Revenue ("DOR") appeals from a final order of the Bankruptcy Court disallowing the DOR's claim against the debtor, Robert P. Coveney ("Coveney"). *In re Robert P. Coveney*, 202 B.R. 801 (Bankr. D.Mass.1996). The Commissioner contends that the Bankruptcy Judge applied the wrong legal standard in interpreting Mass. Gen.L. ch. 64H, § 16 and Mass.Gen.L. ch. 62B, § 5 to determine whether Coveney was "under a duty" to pay over the state trust fund taxes withheld by Covynn, Inc., a corporation formerly owned in part by Coveney. The question whether the Bankruptcy Court applied the appropriate legal standard is subject to *de novo* review. *Williams v. Poulos*, 11 F.3d 271, 278 (1st Cir.1993). This Court concludes that the legal analysis applied by the Bankruptcy Judge was erroneous, but that application of the correct analysis leads to the same result. Accordingly, the judgment of the Bankruptcy Court is affirmed.

## BACKGROUND

The DOR filed a proof of claim against Coveney for withholding and meals taxes for the period between January, 1988 and January, 1989. At issue in this appeal is whether Coveney is a person "under a duty" to pay over the meals and payroll taxes of Covynn, Inc. ("Covynn"), a Massachusetts corporation, and so responsible to the DOR upon the corporation's default. The parties submitted an agreed statement of facts, supplemented by an affidavit by Coveney "containing statements consistent with the agreed statement of facts." *In re Coveney*, 202 B.R. at 802. The judge accepted the undisputed facts as true. Id. The significant facts for present purposes are as follows:

Coveney and A. Lawrence Glynn together formed Covynn, Inc. in 1983 to purchase and operate an existing restaurant known as the Piave Square Pub, located in Marlborough, Massachusetts. Covynn's Articles of Organi-

zation named Coveney as President, Glynn as Treasurer, and Coveney's wife as Clerk. Coveney, Glynn, and their wives comprised the four-person Board of Directors, and each had a 25% stock interest in the company. Only Glynn and Coveney played any active role in the operation of the company.

By explicit oral agreement, Glynn and Coveney divided their responsibilities. Glynn, a practicing attorney and certified public accountant, was responsible for the preparation and filing of all of Covynn's tax returns, for payment of the taxes due, and for monthly payments to Covynn's lenders. Correspondingly, Coveney, whose background was in the food service business, was to be responsible for the day-to-day management of the restaurant on a full-time basis.

Coveney signed checks payable to suppliers and he deposited restaurant revenues into Covynn's checking account. Glynn, on the other hand, calculated the amount necessary to pay Covynn's outside payroll service for the payroll and payroll taxes. Glynn signed the checks to the payroll service. He also calculated the amount needed to pay Massachusetts meals taxes. He arranged for payments to other creditors through a realty trust of which both Glynn and Coveney were trustees. Coveney never signed any checks on behalf of the trust.

In 1988, Glynn told Coveney that Covynn was $200,000 behind in paying federal and state taxes. The two partners thereafter borrowed $200,000 from Glynn's mother, signing a note secured by a mortgage on the real estate owned by Covynn. Glynn handled the disbursement of all funds telling Coveney that the taxes were being kept current. In February or March of 1989, Glynn told Coveney that taxes were behind by $210,000. Coveney and Glynn again executed a note in the sum of $210,000 payable to Glynn's mother, secured by the mortgage on their home. Glynn again handled the disbursement of these funds through his law firm.

■ Subsequently, the DOR notified Coveney that it intended to hold him as a "responsible" party personally liable for the unpaid meal and payroll taxes pursuant to

Mass.Gen.L. ch. 62B, § 5 and Mass.Gen.L. ch. 64H, § 16. The Bankruptcy Court disallowed the claim on the ground that Coveney was not found a person "under a duty" to make the payment so as to be within the liability imposed under the state statutes. After Coveney filed his petition under Chapter 13 of the Bankruptcy Code, the DOR filed its proof of claim.

### ANALYSIS

Mass.Gen.L. ch. 62B, § 5 imposes personal liability on an employer who fails to withhold or pay Massachusetts income taxes from its employees' wages:

> Every employer who fails to withhold or pay to the commissioner any sums required by this chapter to be withheld or paid shall be personally and individually liable therefor to the commonwealth. The term "employer," as used in this paragraph and in section eleven, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to withhold and pay over taxes in accordance with this section and section two. Any sum or sums withheld in accordance with the provisions of section two shall be deemed to be held in trust for the commonwealth.

The Massachusetts meals tax statute, Mass.Gen.L. ch. 64H, § 16, has a similar requirement:

> Every person who fails to pay to the commissioner any sums required by this chapter shall be personally and individually liable therefor to the commonwealth. The term "person," as used in this section, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to pay over the taxes imposed by this chapter.

The question presented by this appeal is whether the Bankruptcy Judge properly determined that Coveney was not "under a duty" to pay over taxes as required by those statutes. The question had to be answered without the help of direct Massachusetts precedent construing the relevant language of the statutes. In analyzing the matter, the Bankruptcy Judge declined to rely upon the federal courts' interpretation of an analogous federal statute, 26 U.S.C. § 6672(a), but rather interpreted the Massachusetts statute without reference to the federal case law. That was an error.

■ As a general matter, Massachusetts courts look to the federal courts' construction of tax statutes which mirror or are similar to federal law. *See Commissioner of Revenue v. Franchi*, 423 Mass. 817, 673 N.E.2d 854, 857 (1996) (stating that the Supreme Judicial Court has consistently adhered to the meaning of Federal tax language incorporated into Massachusetts state tax law absent contrary legislative intent); *B.W. Co. v. State Tax Comm'n*, 370 Mass. 18, 345 N.E.2d 884, 887–88 (1976) ("If the State income tax law has incorporated Federal income tax provisions, those provisions should be interpreted at [sic] they are interpreted for Federal income tax purposes.... We should be reluctant to infer the existence of a State legislative intent which would require us to disregard the meaning established under Federal tax law of unambiguous, common statutory language.") (internal citations omitted). *See also Packaging Indus. Group v. Cheney*, 380 Mass. 609, 405 N.E.2d 106 (1980) (stating that where the state legislature enacts a statute following a federal statute, state courts should follow adjudged construction of the federal statute by federal courts).

Moreover, after the Bankruptcy Judge's ruling in this case, the Massachusetts Supreme Judicial Court issued an opinion in which it consulted the federal cases for guidance in deciding whether an individual was a person liable under one of the statutes involved here. *Commissioner of Revenue v. Brown*, 424 Mass. 42, 673 N.E.2d 1225, 1226 (1997) (noting a close parallel between state and federal statutes).

It is, therefore, appropriate in this case to look for guidance from relevant federal precedents. Interpreting 26 U.S.C. § 6672(a), federal courts have defined the question as "a matter of status, duty, and authority, aimed at the ultimate determination of whether the person had the power to determine whether the taxes should be remitted

or paid or had the final word as to what bills should or should not be paid and when." *Vinick v. Commissioner of Internal Revenue*, 110 F.3d 168, 172 (1st Cir.1997) (internal quotations and citations omitted).

 Who is a "responsible person" under the federal statute is predicated on the employee's function in the business and not simply on the office held. *Id.* at 172. In *Vinick*, the Court said, "At bottom, in order to be responsible, an individual must have had significant control over the financial affairs of the company." *Id.* Furthermore,

> [I]n the absence of uncontroverted evidence establishing an individual's "precise responsibility" to pay withholding taxes, or of specific acts of management or financial decision-making that would manifest the level of control necessary for responsibility, various indicia may establish responsibility under § 6672(a). Such indicia include the holding of corporate office, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees.

*Id.* (internal citations omitted).

In the present case, there is no evidence that Coveney had a "precise responsibility" to pay withholding taxes on behalf of Covynn. To the contrary, the uncontroverted evidence is that Glynn, not Coveney, had that responsibility. Coveney's "acts of management" related to running the restaurant. While it may be true that Coveney had the "authority" in a legal sense to write checks from the corporate account, as a matter of his function in the corporation, he did not.

> Most corporate officers probably do have the authority to make disbursements, particularly in a closely held corporation.... The focus must instead be on substance rather than form.... The substance of the circumstances must be such that the officer exercises and uses his authority over financial affairs or general management, or is under a duty to do so, before that officer can be deemed to be a responsible person.

*O'Connor v. United States*, 956 F.2d 48, 51 (4th Cir.1992) (internal citations omitted).

In sum, there is no set formula for identifying the essential factors which would give rise to a finding of responsibility under the Massachusetts statutes. Massachusetts courts are guided by analogous federal cases, which indicate that the inquiry must be a factual one, focusing on the actual, functional exercise of authority. The Bankruptcy Judge correctly drew from the uncontroverted facts the conclusion that, whatever legal authority Coveney may have had, he exercised no actual responsibilities for tax reporting or payment on behalf of Covynn. In this circumstance, he was not liable under either of the pertinent statutes.

### CONCLUSION

For the foregoing reasons, the judgment of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.