NORMA C. TREAT[1] *vs.* COMMISSIONER OF REVENUE.

No. 98-P-2298.

Suffolk. November 7, 2000. - August 2, 2001.

Present: BROWN, GREENBERG, & GELINAS, JJ.

*Taxation,* Income tax, Abatement, Estate tax, Value. *Value.*

The Appellate Tax Board, in refusing to abate personal income taxes assessed a taxpayer who had acquired property by right of survivorship after the death of her husband, properly concluded that, for Massachusetts estate tax purposes under G. L. c. 65, § 1, the taxpayer could only include one-half the value of the property held jointly as tenants by the entirety at the date of her husband's death, or $325,000; that, for Massachusetts income tax purposes under G. L. c. 62, § 6F, the taxpayer could not receive a stepped-up basis in the amount included in the decedent's Massachusetts gross estate, which here was limited to the husband's fifty percent interest, valued at $325,000; and that, therefore, there was no statutory authority to increase the taxpayer's basis using the figure included in the decedent's Federal gross estate. [210-213]

APPEAL from a decision of the Appellate Tax Board.

*J. Mark Dickison* for the plaintiff.

*William E. Reynolds,* Assistant Attorney General, for the defendant.

BROWN, J. The taxpayer appeals from a decision of the Appellate Tax Board (board) refusing to abate personal income taxes assessed against her for the 1993 tax year. At issue is the determination of the taxpayer's basis respecting real property acquired by right of survivorship after the death of her spouse.[2]

---

[1]There is some indication in the record that Norma C. Treat is also the executrix of the estate of her late husband, Robert H. Treat.

[2]Basis is the starting point for determining gain or loss on the sale of property. In general, under § 1012 of the Internal Revenue Code, basis reflects the taxpayer's cost, adjusted as required for improvements and depreciation; however, there is an exception to this rule when the property owner dies. Pursuant to I.R.C. § 1014(a), the basis of property acquired or deemed to pass

The taxpayer and her husband acquired their principal residence as tenants by the entirety in 1966. When her husband died in May 1993, the taxpayer acquired the jointly held property by way of her right of survivorship. At the time of the decedent's death, the town of Westford had approved the subdivision of the property into a lot that included the original marital dwelling and seven additional buildable lots. Later that year, the taxpayer sold the seven buildable lots for $650,000,[3] while retaining the lot on which stands the marital home.

The Massachusetts estate tax return for the decedent's estate reported $325,000 as the value of the decedent's interest in the jointly owned property. The taxpayer filed a joint 1993 Massachusetts income tax return on behalf of herself and the decedent, which reported the sale of the jointly held property with a basis of $412,268.

The taxpayer shortly thereafter sought to amend the income tax return, claiming that the basis calculated for Federal income tax purposes under I.R.C. § 1014 must also be used for calculating her gain from the sale for Massachusetts income tax purposes, thereby increasing the basis of the property to the Federal one hundred percent stepped-up basis.[4] The Commissioner denied her request for an abatement, and the taxpayer appealed to the board. The board concluded that, (1) for Massachusetts estate tax purposes under G. L. c. 65, § 1, the taxpayer could only include one-half the value of the property held jointly as tenants by the entirety at the date of her husband's death, or $325,000, and (2) for Massachusetts income tax purposes under G. L. c. 62, § 6F, the taxpayer could only

from a decedent is the fair market value of the property at the date of the decedent's death. See *Minkin* v. *Commissioner of Rev.*, 425 Mass. 174, 176 (1997). "The basis of the property in the transferee's hands is 'stepped-up' or 'down,' thereby erasing unrealized capital gains or losses accrued while the decedent held the property." *Ibid.*

[3]For Federal *estate tax* purposes, the parties agreed (and the board found) that the value of the seven buildable lots was $650,000. For Federal *income tax* purposes, the parties stipulated that, under § 1014 of the Internal Revenue Code, the taxpayer's basis in the seven buildable lots was $730,368. The taxpayer did not provide the board with any explanation or specific details of how she arrived at that amount.

[4]Such an adjustment would result in $13,935 in abated taxes for the taxpayer.

receive a stepped-up basis in the amount included in the decedent's Massachusetts gross estate, which here was limited to the husband's fifty percent interest, valued at $325,000. Based on these conclusions, the board ruled that there was no statutory authority to increase the taxpayer's basis using the figure included in the decedent's Federal gross estate.

The taxpayer has the burden of proving as matter of law her right to an abatement of the tax. See *Towle* v. *Commissioner of Rev.*, 397 Mass. 599, 603 (1986); *Commissioner of Rev.* v. *J.C. Penney Co.*, 431 Mass. 684, 686 (2000). The question presented by this appeal is whether G. L. c. 62, § 6F, as applied to the taxpayer, requires the Massachusetts basis of property to be the same as the Federal basis. We answer this question in the negative and, therefore, affirm the board's decision.[5]

General Laws c. 62, § 6F, of the Massachusetts income tax statute sets forth the method for determining the basis in property. Section 6F(*b*)(2)(C), inserted by St. 1986, c. 488, § 34, provides, "[n]otwithstanding subparagraphs (A) and (B), in the case of property acquired from a decedent within the meaning of [§ 1014(b)] of the [Internal Revenue] Code, the initial basis of such property shall be determined under [§ 1014] of the Code . . . ." Section 1014(a) of the Internal Revenue Code generally provides that the basis of property acquired from a decedent is the fair market value of the property at the date of the decedent's death.[6] See *Hahn* v. *Commissioner*, 110 T.C. 140, 143-144 (1998). Internal Revenue Code § 1014(b) sets forth the definition of "property acquired from a decedent" for the purposes of the section, and both parties have asserted

---

[5]We pass the question of the propriety of the taxpayer's increase in basis from $325,000, the value included in the decedent's Massachusetts gross estate, to $412,268, the basis reported on the Massachusetts income tax return, as the board concluded that the latter figure had not been contested by the Commissioner and thus was not before it.

[6]Section 1014 reads, "(a) Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be — (1) the fair market value of the property at the date of the decedent's death . . . ." It is not in dispute in this case that the fair market value for the property at the date of death was $650,000.

that the property at issue has been acquired from the decedent spouse within the meaning of § 1014(b)(9).[7]

The taxpayer argues that the incorporation of § 1014(a) into G. L. c. 62, § 6F(*b*)(2)(C), requires that her basis for the property passed from her husband be the full market value of the entire property at the time of his death, which was $650,000. We disagree.

The Massachusetts and Federal tax codes are "inextricably woven." *Commissioner of Rev.* v. *Franchi*, 423 Mass. 817, 819 (1996). "We are faced with a question of statutory interpretation . . . , one which requires balancing the State's independent development of its individual tax code against the Legislature's consistent references to, and incorporation of, Federal tax provisions." *Id.* at 821-22. "If the State income tax law has incorporated Federal income tax provisions, those provisions should be interpreted as they are interpreted for Federal income tax purposes." *Id.* at 823, quoting from *B. W. Co.* v. *State Tax Commn.*, 370 Mass. 18, 22 (1976).

In regard to property acquired from a decedent, the link between income tax and estate tax is undeniable. Gain from the sale of property is computed by subtracting the seller's adjusted basis from the amount realized. I.R.C. § 1001(a). Where property is acquired from a decedent, the taxpayer's adjusted basis in the property is the fair market value at the time of death. See I.R.C. § 1014(a). "The purpose of section 1014 is, in general, to provide a basis for property acquired from a decedent which is equal to the value placed upon such property for purposes of the Federal estate tax." *Minkin* v. *Commissioner of Rev.*, 425 Mass. 174, 176 (1997), quoting from 26 C.F.R. § 1.1014-1 (1996). While such property does acquire a new basis, "property held jointly with the decedent is considered to

---

[7]Section 1014(b) states, "[f]or purposes of subsection (a), the following property shall be considered to have been acquired from or to have passed from the decedent: . . . (9) In the case of decedents dying after December 31, 1953, property acquired from the decedent by reason of death, form of ownership, or other conditions (including property acquired through the exercise or non-exercise of a power of appointment), if by reason thereof the property is required to be included in determining the value of the decedent's gross estate under chapter 11 of subtitle B or under the Internal Revenue Code of 1939 . . . ."

have been acquired from the decedent only to the extent that the property was included in the decedent's gross estate." *Patten* v. *United States*, 116 F.3d 1029, 1031-32 (4th Cir. 1997) (construing I.R.C. § 1014[b][9]). "Put simply, the surviving joint tenant ordinarily gets a basis equal to that claimed on the estate tax return of the decedent."[8] *Id.* at 1032. See *Hahn* v. *Commissioner*, 110 T.C. at 143-44. See also *Gallenstein* v. *United States*, 975 F.2d 286 (6th Cir. 1992) (where it was understood that, if only fifty percent of the value of property was included in the estate, the taxpayer could be taxed on the gain realized on the fifty percent not included, yet with one hundred percent inclusion, taxpayer receives a stepped-up basis for the entire property).

As G. L. c. 62, § 6F, has incorporated Federal income tax provisions, it should be interpreted as it would be interpreted for Federal income tax purposes. See *B. W. Co.* v. *State Tax Commn.*, 370 Mass. at 22-23. The basic premise that under I.R.C. § 1014, the surviving joint tenant gets a stepped-up basis only with respect to the interest claimed on the estate tax return of the decedent is controlling here. The Federal estate tax return of the decedent included one hundred percent of the value of the property pursuant to I.R.C. § 2040.[9] Because the property was taxed through the estate at one hundred percent of its value, the taxpayer received a one hundred percent stepped-up basis for Federal income tax purposes. The Massachusetts estate tax return of the decedent included fifty percent of the value of the

---

[8]The fact that the taxpayer here was a tenant by the entirety and not a joint tenant with her husband is of no consequence. Tenancy by the entirety is a form of joint tenancy that can exist only between a husband and wife. See Annino, Estate Planning § 6.2 (2d ed. 1997). In both tenancies, the jointly held property passes to the survivor by a right of survivorship. *Ibid.* Though they are distinct, a tenancy by the entirety and a joint tenancy where the husband and wife are the only tenants are treated similarly under both Federal and Massachusetts law for the income and estate taxes at issue here. See I.R.C. § 1014(b)(9); I.R.C. § 2040(a); G. L. c. 65C, § 1.

[9]Cases such as *Gallenstein* v. *United States*, *supra*, and its progeny have found that, under I.R.C. § 2040, spouses like the taxpayer whose joint interests were created before 1977 were not subject to the fifty percent basis rule now in effect, but instead could include one hundred percent of the value of property in the estate subject to the "contribution rule." See generally Miller, Gallenstein: A Windfall in the Sixth Circuit May Still Be a Gamble Elsewhere, 66 U. Colo. L. Rev. 1175 (1995).

property pursuant to .G. L. c. 65C, § 1.[10] Therefore, since only fifty percent of the value of the property passed through the estate, it was correct that the taxpayer received only a fifty percent stepped-up basis.

*Decision of Appellate Tax Board*
*affirmed.*

---

[10]This fifty percent rule applies to property held as tenants by the entirety or held by husband and wife as the only joint tenants. G. L. c. 65C, § 1(*d*). The rule is applicable to the estates of decedents dying on or after January 1, 1986. See St. 1985, c. 711, §§ 5, 19.